```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JEREMY LEBEWOHL, UNCLE ABIES DELI    :  11 Civ. 3153 (LAK) (JCF)
INC. d/b/a 2nd AVE DELI, UNCLE       :
ABIES DELI ON FIRST INC., and        :      MEMORANDUM
UNCLE ABIES DELI SANDWICH            :      AND ORDER
TRADEMARKS LLC,                      :
              Plaintiffs,            :
                                     :
     - against -                     :
                                     :
HEART ATTACK GRILL LLC, HAG LLC,     :
and JON BASSO,                       :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/11
```

The plaintiffs, owners of the 2nd Avenue Deli in Manhattan, bring this action seeking a declaration that their use of the terms "Instant Heart Attack Sandwich" and "Triple Bypass Sandwich" do not infringe the defendants' trademarks. The defendants have submitted a letter application requesting an order compelling the plaintiffs to respond to four interrogatories relating to the plaintiffs' selection and adoption of the challenged terms, the goods with which the terms are identified, the dates on which the terms were first used, and geographic areas in which the terms have been used. (Letter of Robert C. Kain, Jr. dated Aug. 1, 2011 ("Kain Letter"); Defendants' First Set of Interrogatories to Plaintiffs Nos. 1-11, nos. 3, 4, 6, 7).

The plaintiffs oppose the defendants' application on the

ground that the interrogatories in question exceed the scope permitted by Local Civil Rule 33.3, which requires that interrogatories be limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." S. & E.D.N.Y.R. 33.3(a). (Letter of William W. Chuang dated Sept. 9, 2011). Interrogatories that go beyond these topics "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court." S. & E.D.N.Y.R. 33.3(b). Here, the defendants' interrogatories plainly sweep more broadly than the local rules allow. Interrogatory no. 4, for example, would require the plaintiffs to

> [i]dentify all documents and set forth with specificity all facts regarding the selection by 2nd AVE DELI of the "instant heart attack sandwich" designation <u>including, without limitation</u>, the date on which 2nd AVE DELI decided to adopt the "instant heart attack sandwich" designation, the circumstances and method by which 2nd AVE DELI adopted the "instant heart attack sandwich" designation, and the reasons why any proposed marks or names, if any, were rejected.

(emphasis added). Depositions and documents requests are a decidedly more practical method of obtaining the information the defendants seek. See <u>Madanes v. Madanes</u>, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) ("A document request is a far more practical means

2

of obtaining such information than is an interrogatory. Therefore, these interrogatories violate local rule 33.3 and need not be answered.").

In addition, the defendants' suggestion that their inquiries "could be classified as 'contention interrogatories' under the Local Rules" (Kain Letter at 1) does not assist them. Even if these were contention interrogatories, it would generally not be proper to serve them until discovery was complete. S. & E.D.N.Y.R. 33.3(c). And, in any event, they are not contention interrogatories; they seek substantive information.

Conclusion

For the reasons set forth above, the defendants' application for an order compelling the plaintiffs' to respond to Interrogatories nos. 3, 4, 6, and 7 is denied.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 14, 2011

Copies mailed this date to:

William Win-Ning Chuang, Esq.
Jakubowitz & Chuang, LLC
401 Broadway, Suite 408
New York, New York 10013

3

Michael J. Quarequio, Esq.
Michael J. Quarequio, P.A.
900 S.E. 3rd Avenue, Suite 202
Fort Lauderdale, FL  33316

Robert C. Kain, Jr., Esq.
Kain & Associates, Attorney at Law PA
900 SouthEast  Third Avenue, Suite 205
Fort Lauderdale, FL  33316