USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/13/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JACK LEBEWOHL, JEREMY LEBEWOHL,
UNCLE ABIES DELI INC. d/b/a SECOND
AVE. DELI, UNCLE ABIES DELI ON FIRST
INC. d/b/a SECOND AVE. DELI, and UNCLE
ABIES DELI SANDWICH TRADEMARKS LLC,
               Plaintiffs,

-against-

HEART ATTACK GRILL LLC, HAG LLC,
JON BASSO, DIET CENTERS LLC (TEXAS),
and DIET CENTER LLC (DELAWARE),
               Defendants.
-----------------------------------------------------------X

11 **CIVIL** 3153 (PAE)

**JUDGMENT**

       Whereas the above declaratory judgment action having come before this Court, and the matter having come before the Honorable Paul A. Engelmayer, United States District Judge, and the Court, on July 6, 2012, having rendered its Opinion and Order, as to the Instant Heart Attack Sandwich mark: granting the Deli's motion for summary judgment on its claim for a declaratory judgment that its current use of that mark does not infringe HAG's Heart Attack Grill mark is granted, in the exercise of its equitable authority, entering a concurrent use order permitting the Deli to use the Instant Heart Attack Sandwich mark at current or future restaurants within Manhattan; to advertise the Instant Heart Attack Sandwich on interior and exterior signs at its Manhattan restaurants; to use that mark on its in-person menus in Manhattan; and to reproduce in its Internet advertising the menu used in its Manhattan restaurants, denying the Deli's motion for a declaratory judgment that it may use the Instant Heart Attack Sandwich mark outside of Manhattan, including throughout the tri-state area (New York, New Jersey, and Connecticut) and that it may use that mark to the exclusion of HAG's mark, as to the Triple Bypass Sandwich mark: granting the Deli's motion

for a declaratory judgment that it may use that mark pursuant to a concurrent use order, and under that order, the Deli may use its Triple Bypass Sandwich mark at its current restaurants, but only on its hard copy menu and its online menu; the Deli may not use any images of the sandwich on either menu, or reference the Triple Bypass Sandwich mark on signage on either the interior or exterior of its restaurants, granting HAG's motion to voluntarily dismiss its counterclaims against Plaintiff, and denying both parties' requests for attorneys' fees, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 6, 2012, as to the Instant Heart Attack Sandwich mark: The Deli's motion for summary judgment on its claim for a declaratory judgment that its current use of that mark does not infringe HAG's Heart Attack Grill mark is granted; in the exercise of its equitable authority, the Court also enters a concurrent use order permitting the Deli to use the Instant Heart Attack Sandwich mark at current or future restaurants within Manhattan; to advertise the Instant Heart Attack Sandwich on interior and exterior signs at its Manhattan restaurants; to use that mark on its in-person menus in Manhattan; and to reproduce in its Internet advertising the menu used in its Manhattan restaurants; the Court denies the Deli's motion for a declaratory judgment that it may use the Instant Heart Attack Sandwich mark outside of Manhattan, including throughout the tri-state area (New York, New Jersey, and Connecticut) and that it may use that mark to the exclusion of HAG's mark; as to the Triple Bypass Sandwich mark: the Deli's motion for a declaratory judgment that it may use that mark pursuant to a concurrent use order is granted; under that order, the Deli may use its Triple Bypass Sandwich mark at its current restaurants, but only on its hard copy menu and its online menu; the Deli may not use any images of the sandwich on either menu, or reference the Triple Bypass Sandwich mark on signage on either the interior or exterior of its restaurants; HAG's motion to voluntarily dismiss its counterclaims against Plaintiff is granted; and both parties'

requests for attorneys' fees are denied; accordingly, the case is closed.

**Dated:** New York, New York
July 13, 2012

**RUBY J. KRAJICK**

BY: _____
**Clerk of Court**

_/s/_

**Deputy Clerk**

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____