UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JACK LEBEWOHL, JEREMY LEBEWOHL, UNCLE                                   :
ABIES DELI INC. d/b/a/ SECOND AVE. DELI, UNCLE                          :
ABIES DELI ON FIRST INC. d/b/a/ SECOND AVE.                             :       11 Civ. 3153 (PAE)
DELI, and UNCLE ABIES DELI SANDWICH                                     :
TRADEMARKS LLC,                                                         :       OPINION & ORDER
                                                                        :
                                Plaintiffs,                             :
                -v-                                                     :
                                                                        :
HEART ATTACK GRILL LLC, HAG LLC, JON BASSO,                             :
DIET CENTERS LLC (TEXAS), and DIET CENTER LLC                           :
(DELAWARE),                                                             :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In an Opinion and Order dated July 5, 2012, the Court granted the motion by plaintiffs Second Avenue Deli et al. ("the Deli") for summary judgment on its claim for a declaratory judgment that plaintiffs' current use of the Instant Heart Attack Sandwich mark does not violate the Lanham Act, 15 U.S.C. §§ 1052 *et seq.*; the Court also entered a concurrent use order, at the request of the parties, permitting the Deli to use that mark at its current, and at any future, Manhattan restaurants. At the same time, the Court denied plaintiffs' motion for a declaratory judgment that (1) it may use the Instant Heart Attack Sandwich mark (and also the Triple Bypass Sandwich mark, which the Deli had proposed to use but to date had not) outside of Manhattan, including throughout the tri-state area (New York, New Jersey, Connecticut), and (2) it may use those marks at the exclusion of the similar marks (Heart Attack Grill; Triple Bypass Burger) of defendant Heart Attack Grill ("HAG").

Before the Court is the Deli's motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), of the Court's July 5 Opinion. For the reasons that follow, that motion is denied.

## I.   Background

The facts relevant to this controversy are set out in detail in the Court's Opinion and Order of July 5, 2012. *See* Dkt. 78 (the "July 5 Opinion"). The Court assumes familiarity with that decision.

In brief, on May 10, 2011, the Deli filed a declaratory judgment action seeking a ruling that neither of its two pending trademarks—Instant Heart Attack Sandwich and Triple Bypass Sandwich—infringe any marks held by HAG, and that the Deli may therefore register those marks with the United States Patent & Trademark Office ("USPTO"). HAG filed four counterclaims: (1) a dilution claim under the Federal Trademark Dilution Act; and claims seeking declarations that (2) the Deli is prohibited from registering its marks; (3) the Deli may not expand its use of the marks; and (4) the parties may use their respective marks under conditions and limitations to be set by the Court.

While discovery was ongoing, HAG moved to voluntarily dismiss the counterclaims without prejudice. The Deli opposed that motion, arguing that dismissal of the counterclaims without prejudice would permit HAG to relitigate those issues in another forum, specifically the USPTO, after both parties had already spent considerable resources in the current litigation. On January 5, 2012, the Court denied HAG's motion to voluntarily dismiss its three counterclaims seeking declaratory relief with respect to the Deli's registration and use of the marks (Dkt. 41), substantially for the reasons given by the Deli. By contrast, the Court ruled, HAG's dilution counterclaim was properly dismissed, because dismissing that claim did not present the same risks of relitigation as the other counterclaims.

[2]

On March 26, 2012, the Deli moved for summary judgment on its request for (1) a declaration of non-infringement, and (2) a declaration that it could properly register the two proposed marks with the USPTO. The Deli also asked that, if the Court were to find a likelihood of confusion between its marks and HAG's marks, it rule that the Deli, by virtue of its senior usage rights to HAG's in Manhattan with respect to the Instant Heart Attack Sandwich mark, be permitted to use that mark not only in Manhattan, but also in the tri-state area (New York, New Jersey, and Connecticut) to the exclusion of HAG's mark. HAG cross-moved for summary judgment on the Deli's declaratory judgment claim. And, for the second time, HAG voluntarily moved to dismiss its remaining counterclaims without prejudice.

In its July 5, 2012 Opinion, the Court granted the Deli's motion for a declaratory judgment that its current use of the Instant Heart Attack Sandwich mark—which is limited to Manhattan, thousands of miles away from HAG's restaurant—did not infringe HAG's mark. However, the Court found that it was speculative to determine whether an expanded use of that mark (geographically or otherwise) by the Deli at some point in the future would create a risk of confusion. The Court accordingly denied the Deli's motion for a declaratory judgment that it may use the Instant Heart Attack Sandwich mark outside Manhattan, the only area in which the Deli had established senior usage. The Court did, however, grant the Deli's alternative request that the Court enter a concurrent use order permitting it to use the Instant Heart Attack Sandwich mark at current and future restaurants within Manhattan, to advertise the sandwich on interior and exterior signs at the Manhattan restaurants, to use the mark on in-person menus in Manhattan, and to reproduce the menu in its Internet advertising.

As to the Triple Bypass Sandwich mark, the Court did not rule on the Deli's motion for a declaratory judgment with respect to that mark's current use, because it was undisputed that the

Deli had not actually used the Triple Bypass Sandwich mark in commerce prior to HAG's registration of its Triple Bypass Burger mark, or, for that matter, prior to the filing of the Deli's lawsuit. Instead, with HAG's consent, the Court granted the Deli's alternative request that the Court enter a concurrent use order permitting the Deli to use the Triple Bypass Sandwich mark at its current restaurants in Manhattan, but only on its hard copy menu and its online menu. The Court also granted HAG's motion to voluntarily dismiss the remaining counterclaims.

On August 10, 2012, the Deli moved for reconsideration of the July 5 Opinion. It argued that the Court (1) should not have entered a concurrent use order regarding the Instant Heart Attack Sandwich mark; and (2) should clarify that its order regarding the Triple Bypass Sandwich mark was based on HAG's consent, not the Court's equitable powers. On August 20, 2012, HAG submitted a brief opposing that motion.

## II.     Legal Standard

The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Accordingly, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved." *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10-cv-2705, 2011 WL 4599592, at *2 (S.D.N.Y.

[4]

Sept. 30, 2011) (internal quotation marks and citation omitted). Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

### III.     Discussion

The Deli moves to strike the concurrent use order relating to the Instant Heart Attack Sandwich, and for an express statement that the Court's order regarding the Triple Bypass Sandwich mark was based on HAG's consent, not the Court's equitable powers.

When a likelihood of confusion may exist between the use of a mark and a proposed mark, concurrent use orders are a practical mechanism to enable the parties each to use a proposed mark under parameters designed to minimize the likelihood of confusion. The Lanham Act provides for such a mechanism when broader use of the proposed mark could otherwise cause confusion. *See* 15 U.S.C. § 1052(d).

Given the nature of the parties' claims in this case, the Court was presented with two distinct contexts in which a claim of likely confusion was made. The first involved the Deli's *current* usage of the marks. As of the filing of this suit, this usage consisted of (a) listing the Instant Heart Attack Sandwich on the menus used in the Deli's two Manhattan restaurants, and (b) listing that sandwich on the Deli's website menu. *See* Lebewohl Decl. ¶ 10 (Dkt. 64). The second involved the Deli's potential expanded use of the Instant Heart Attack Sandwich mark and the potential future use (there is no current use) of the Triple Bypass Sandwich mark. In its application for registration with the USPTO, the Deli had sought nationwide rights to use both marks; and before the Court, the Deli had asked that it be granted rights, pursuant to a concurrent use order, in the tri-state area (New York, New Jersey, and Connecticut).

As to current use, the Court concluded, after conducting a full likelihood of confusion analysis, applying the eight-factor balancing test set out in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d. Cir. 1961), that there was "clearly" no likelihood of confusion. *See Lebewohl v. Heart Attack Grill*, No. 11-cv-3153, 2012 WL 2674256, at *7–11 (S.D.N.Y. July 5, 2012). However, as to the potential for confusion under the expanded use arrangement imagined by the Deli, the Court found there was no concrete case or controversy for it to resolve. The Deli had no concrete plans to expand outside Manhattan, let alone to the tri-state area, and therefore any assessment as to the likelihood of confusion presented by future expansion would be unacceptably conjectural. *See Omicron Capital, LLC v. Omicron Capital, LLC*, 433 F. Supp. 2d 382, 395 (S.D.N.Y. 2006).

In the course of litigating the motion for summary judgment, the parties, however, helpfully came to several agreements which resolved narrower issues short of the conjectural issue whether expansion by the Deli beyond Manhattan in the tri-state area would give rise to a likelihood of confusion. HAG, in particular, deserves credit for going more than halfway in seeking to bring about an outcome that would accommodate both parties' business interests.[1] Specifically, HAG consented that the following usage rights by the Deli would not create a likelihood of confusion: (1) use by the Deli of the Instant Heart Attack Sandwich mark at current *and future* restaurants within Manhattan; (2) advertising by the Deli of the Instant Heart Attack Sandwich on interior *and* exterior signs at the Manhattan restaurants; (3) use by the Deli of the Instant Heart Attack Sandwich on in-person menus in Manhattan, *and* reproduction of the menu in its Internet advertising; (4) use of the Triple Bypass Sandwich mark at the Deli's current

---

[1] HAG also deserves credit for conceding, ultimately, that there was no likelihood of confusion between the Deli's Instant Heart Attack Sandwich mark, based on its current usage, and HAG's Heart Attack Grill mark. *See* May 22, 2012 Tr. 36. In the July 5 Opinion, the Court, applying the eight-factor *Polaroid* analysis, reached the same conclusion.

restaurants in Manhattan; and (5) use of the Triple Bypass Sandwich on in-person menus in Manhattan, and reproduction of the menu in its Internet advertising.  *See* Tr. 21–22, 48.

Under these circumstances, the Deli's motion for reconsideration of the Court's decision is puzzling, and its expression of discontent with that outcome nothing short of audacious.  The Deli had every opportunity to keep the scope of this case tightly limited to whether its current usage practices were permissible:  Defendants moved to voluntarily dismiss their counterclaims back in December 2011, which opened up broader issues, including what the scope of permissible concurrent usage of the parties' marks might be.  The Deli, however, *opposed* defendants' motion to voluntarily dismiss its counterclaims.  And the Court, in denying that motion and siding with the Deli on this point, kept the issue of the scope of the Deli's use of the marks in the case.  Furthermore, the Deli's motion for summary judgment explicitly requested— as an alternative to the unlikely declaratory judgment that the Deli sought to the effect that it is entitled to expanded nationwide use of the marks—that the Court enter a concurrent use order permitting the Deli to use the marks outside its current use, and instead throughout the tri-state area.  In other words, its current protestation to the contrary, the Deli pointedly urged the Court to enter a concurrent use order.  The Deli may not be heard, in such circumstances, to contest the authority of the Court to enter a concurrent use order, albeit one more narrow than that proposed by the Deli (under which it would have affirmatively been cleared to use its marks throughout the tri-state area).

Moreover, the July 5 Opinion gave the Deli affirmative permission to use the Instant Heart Attack Sandwich mark anywhere in Manhattan, and for the Deli to begin to sell the Triple Bypass Sandwich in its current restaurants.  Each of those grants of usage rights exceeded, or arguably exceeded, the rights that the Deli had by virtue of its senior usage of the term "instant

heart attack." The Court's concurrent use order, entered at the behest of both parties, thus enhances the Deli's rights beyond what it could have received absent such an order. That is because, as is undisputed, the Deli's prior use of the Instant Heart Attack Sandwich mark was limited to its current (and past) restaurants, which are discrete locations in Manhattan, and the Deli had *never* used the Triple Bypass Sandwich in commerce prior to the Court's ruling. In asking the Court to reconsider its concurrent use order, the Deli is, therefore, asking the Court to reassess an order that expanded its rights.

Moreover, the Court's concurrent use order does not necessarily cap the Deli's usage rights with respect to the two marks. The Court has not precluded use of these marks outside of Manhattan. Instead, the Court has given the Deli affirmative rights to use these marks within Manhattan (to the extent stated in its July 5 Opinion), while pointedly not resolving whether expansion beyond Manhattan under future circumstances might give rise to a likelihood of confusion. The Court's role is to resolve cases and controversies, and it is today entirely conjectural whether a bid in future years by the Deli to expand into, say, Brooklyn, New Jersey, or Connecticut, would create a likelihood of confusion with HAG's then-usage of its mark. If and when the Deli has a concrete plan to expand outside of Manhattan, it will be entitled to pursue a lawsuit seeking to establish its usage rights in such locales, if any, with regard to the marks at issue in this case, if it is unable to negotiate an amicable out-of-court resolution. Nothing in the July 5 Opinion precludes that.

The Deli's motion for reconsideration, therefore, is denied. It does not meet the demanding standard of S.D.N.Y. Local Civil Rule 6.3; and it constitutes an improper attempt to relitigate issues resolved by this Court in the July 5 Opinion.

## CONCLUSION

Plaintiffs' motion for reconsideration of the Court's July 5, 2012 Opinion & Order is denied. The Clerk of Court is directed to terminate the motion at docket number 81.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: September 5, 2012
     New York, New York